


U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

CPK  
F. #2018

*610 Federal Plaza*
*Central Islip, New York 11722*

January 3, 2019

<u>By ECF</u>

Honorable Joseph F. Bianco
United States District Judge
United States Courthouse
1040 Federal Plaza
Central Islip, New York 11722

        Re:  United States v. Abdulrahmin Khwaja
            <u>CR 18-607(JFB)</u>

Dear Judge Bianco:

      In accordance with the Court's direction at the Court conference on January 3, 2019 in the above-captioned action, the United States of America respectfully submits this letter in further support of its opposition to defendant Abdulrahmin Khwaja ("defendant") motion under Rule 41(g) for return of property, specifically cellular and smart phones seized in connection with the execution of a search warrant at 500 Smith Street, Farmingdale, New York on November 15, 2018 ("phones").

      As stated in Court, ICE has accepted the phones for administrative forfeiture and is in the process of sending out notices to interested parties.  In court, the government argued that such notices could be sent by the agency within 60 days of the seizure of the phones, or on or before January 14, 2019.  The controlling law is 18 U.S.C. Section 983(a)(1)(A)(i) and that is one alternative provided by the statute.  Defendant's motion is brought under Rule 41(g) of the Federal Rules of Criminal Procedure which provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  However, a Rule 41 motion for return of property is governed by equitable principles and is available only upon a demonstration of irreparable harm and an inadequate remedy at law.  <u>De Almeida v. United States</u>, 459 F.3d

377, 382 (2d Cir. 2006); <u>United States v. White</u>, 2018 WL 3887501 (E.D.N.C. 2018).  Here, the administrative forfeiture provides an adequate remedy at law.  <u>United States v. White</u>, <u>supra</u>.  In addition, the administrative forfeiture is timely.  18 U.S.C. Section 983.

             Respectfully submitted,

             RICHARD P. DONOGHUE
             United States Attorney

    By: _____
       Charles P. Kelly
       Assistant U.S. Attorney
       (631) 715-7866

cc: Defense Counsel