SERCARZ & RIOPELLE, LLP
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

June 7, 2019

**BY ECF FILING**

Hon. Joan M. Azrack
United States District Judge
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, NY 11722-9014

                    Re: <u>United States v. Abdulrahman Khwaja</u>,
                          Cr 18-607 (JMA)

Dear Judge Azrack:

      I represent Abdulrahman Khwaja in the above-referenced matter.

      I write to give the Court an update on where things stand prior to our conference, and to make several applications on behalf of my client and related persons and businesses.

## DISCOVERY APPLICATIONS

### A. The Digital Discovery Produced On May 10, 2019

      At our last conference on April 3, the government indicated that it would produce "11 Terabytes of material" to the defendants by April 5. Over five weeks later, and only after repeated inquiry by defense counsel, the government indicated on May 10 that 8 terabytes of discovery would shortly be available at the Dupe Coop for copying.

      The defendant immediately ordered the discovery, which turned out to be copies of the hard drives that were imaged by the government during its search of the business premises at 500 Smith Street in Farmingdale, New York, on November 15, 2018. These hard drives were located at the desks of employees working at 500 Smith Street, and contain little of relevance to this case. Defense counsel have reviewed much of this material. Thus far, we have found almost nothing that is relevant to the government's

1

allegations – and nothing that is incriminating – in the material produced by the government. Very few communications with any person in South America are present on the various hard drives, and none of those communications appear to be incriminating; and relatively few of the business records seized during the government's search of 500 Smith Street were present on the hard drives. Based on our review of the 8 terabytes of material produced by the government, it appears that the government imaged these hard drives and simply produced as discovery their entire contents.

I request that the Court order the government to provide defense counsel with the search review protocol or other procedure that it used to review these 8 terabytes of digital content. The Defendants are entitled to examine this protocol to assist the Court in determining whether the government has complied with the Fourth Amendment and to ensure that the materials seized and produced to the defendants are properly within the scope of the search warrant executed on November 15, 2018.

No search review protocol was identified in the search warrant. Defense counsel are concerned that the government may have searched and seized the digital contents and then produced them to all the defendants with no meaningful review to ensure that they fell within the scope of the search warrant. If that is the case, the Fourth Amendment has been violated, and the material produced by the government on May 10 should be suppressed. As the Court stated in United States v. Metter, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012):

> The government's retention of all imaged electronic documents, including personal emails, without any review whatsoever to determine their relevance to this case, but also to determine whether any recognized legal privileges attach to them, is unreasonable and disturbing....
>
> The Court agrees with Defendant that the release to co-defendants of any and all seized electronic data without a predetermination of its privilege, nature or relevance to the charged criminal conduct only compounds the assault on his privacy concerns. It underscores the government's utter disregard for and relinquishment of its duty to ensure that its warrants are executed properly.

The Metter Court then found the good faith exception inapplicable, and concluded that suppression of the materials seized and produced was required. Id. At 216. Therefore, I respectfully request that the Court order the government to provide defense counsel with the search review protocol or other procedure – if any – that the government used to review the computer hard drives before it produced their contents to the defendants. Once we have ascertained whether the government employed a search protocol or other procedure to examine the digital material it has now produced, the defendants will be

able to determine whether a motion to suppress is warranted for the reasons stated in Metter.

## B. Hard Copy Business Records That Must Be Produced

Many of the defendant's business records were maintained in hard copy at 500 Smith Street. These were seized by the government in November, and *none* of those items have been made available to the defendants to begin preparing their defense. I ask the Court to order the government to begin producing these voluminous items promptly.

I also ask the Court to order the government to produce copies of the paper records and computer records seized at the premises of Solid Wireless in Miami, Florida on November 15, 2018. These records are urgently needed because the government's allegations indicate that Solid Wireless dealt most frequently and directly with cell phone buyers in Miami, and Central and South America. Moreover, as is indicated below, the defendants believe that many of the hard copy records maintained by Solid Wireless constitute Brady material, and should be produced promptly for that reason.

## C. The Defendant's Brady Demands

In December 2018 and in May 2019, I served on the government certain Brady demands, copies of which are attached as Exhibit A. The items sought by these Brady demands include hard copy business records of Solid Wireless seized in Miami in November 2018. The government has yet to respond to these demands, despite my explanation of the ways in which the records sought tend to exonerate my client. For this reason, the government should produce in a timely fashion the records designated in the letters attached as Exhibit A, so that I can made adequate use of them. See Leka v. Portuondo, 257 F.3d 89 (2d Cir. 2001) (delayed disclosure of exculpatory witness constituted suppression of exculpatory material). I ask the Court to order the government to produce the materials demanded in the letters attached as Exhibit A within two weeks.

## D. The Unredacted Search Warrant Applications

The Court will also recall that, at the April 3 conference, I raised the issue of the redactions made by the government in its applications for search warrants and wiretap interceptions, an issue I had previously raised before Judge Bianco. It is now two months later, and the defendants still do not have the full affidavits submitted by the government in support of its applications for search warrants and wire taps. It is long past time for the defendants to have these items, so that they can proceed to analyze the affidavits fully and decide which motions – if any – to make directed at the affidavits. I respectfully request that the Court direct the government to produce unredacted versions of the affidavits it previously produced to the defendants.

## **APPLICATIONS TO RETURN PROPERTY**

## A. The Business Records Of Wireless Place

I ask the Court to direct the government to return the business records, check book and any other property related to a business named Wireless Place. Wireless Place was operating out of 500 Smith Street at the time the search warrant was executed on November 15, 2018, and its property was seized by the government pursuant to the search warrant.

The business of Wireless Place is unconnected to the allegations in the Indictment. Indeed, Wireless Place and Ibrahim Khwaja are not named as participants in any of the conspiracies in the indictment; they are not described as participants in the conspiracies described in the search warrant and wiretap affidavits; I am aware of no evidence to suggest that Ibrahim Khwaja (the owner of Wireless Place) and Wireless Place have any connection to this case; and the government has served no CAFRA notice suggesting that the property of Wireless Place may be subject to forfeiture. It is unclear to me why the government seized Wireless Place's records on November 15, since the government was not authorized to do so by the search warrants. In any event, and without waiving any arguments the defendants may have concerning this seizure, I respectfully request that the government be directed to return Wireless Place's property to it immediately.

I have raised the issue of the return of this property on more than one occasion, and most recently sent an email to the government asking it to return this property on May 23, 2019. A copy of my May 23, 2019 email is attached as Exhibit B. The government has not responded to my email. Therefore, I respectfully request that the Court treat this letter as an application for the return of Wireless Place's property to Ibrahim Khwaja pursuant to Fed. R. Crim. Pro. 41(g). I request that the Court direct the government to return Wireless Place's property to it promptly.

## B. The Return Of Other Property Not Subject To Forfeiture

I also move pursuant to Fed. R. Crim. Pro. 41(g) for the return of the following items to my client: 1) Taban Company's HAB Bank Account Number 701225034; Zulfia Khwaja's jewelry contained in TD Bank Safe Deposit Box Number 529; Zulfia Khwaja's jewelry contained in Bethpage Federal Credit Union Safe Deposit Box Number 58; my client's Samsung Galaxy S9 phone; and the merchandise of National Electronics (cell phones). The basis for this application is as follows.

Each of these items were seized for potential civil forfeiture, and my client received CAFRA notices for all of them. My client and his wife served CAFRA claims for return of these properties in a timely fashion, demanding that the government commence a lawsuit to forfeit the properties if it intended to pursue forfeiture of them. Copies of the CAFRA claims asserted by my client and his wife are attached as Exhibit

4

C. The government has not filed the lawsuit required by the CAFRA claims attached as Exhibit C, and has not taken any other action to forfeit these items – such as, for example, timely filing a bill of particulars asserting that the properties should be forfeited criminally. The time for the government to assert some sort of forfeiture claim as to these properties has now expired, and the government should therefore "promptly release the property" as required by statute. See 18 U.S.C. § 983(a)(3)(B).

On May 13, 2019, I sent an inquiry to the government concerning the contents of the safe deposit boxes (Exhibit D). To date, I have received no response to my May 13 email.

Moreover, to the extent it may be necessary, I make this application for the return of this property pursuant to Fed. R. Crim. Pro. 41(g), since it appears that some of this property was seized pursuant to the search warrants executed by the government on November 15, 2018. There is no need for the government to continue to retain any of these properties for evidentiary purposes – even if the government can somehow prove these properties are relevant to the allegations in the Indictment, any evidentiary value in these properties may be preserved by photographing them before they are returned to my client and his wife.

## CONCLUSION

For the foregoing reasons, I respectfully request that the Court direct the government: 1) to produce the items identified in the section entitled "Discovery Applications" section above; and 2) to return the items identified "Applications to Return Property" section above.

Respectfully submitted.

Roland G. Riopelle

Enc.

Cc: Burton Ryan, Esq. and Charles Kelly, Esq. (By ECF Filing)
All Defense Counsel (By ECF Filing)

5