# EXHIBIT A

**SERCARZ & RIOPELLE, LLP**
810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

December 10, 2018

**BY ECF AND EMAIL**

Burton Ryan, Esq.
Charles Kelly, Esq.
Assistant United States Attorneys
Eastern District of New York
100 Federal Plaza, Suite 610
Central Islip, New York 11722

Re: *United States v. Abdulrahman Khwaja, et al.,*
Cr. 18-607 (JSB)

Dear Mr. Ryan and Mr. Kelly:

As the attorneys for defendant Abdulrahman Khwaja, we write this letter pursuant to the principles announced in Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, to make specific requests for evidence we now believe will tend to exculpate our client, Abdulrahman Khwaja.

In addition to the items previously requested in my letter of December 4, 2018, please produce the following items:

1) the affidavits pursuant to which any search warrant was executed in this case, including, but not limited to, any search of the telephone associated with my client, and the search of my client's business premises and home;

2) all search warrants that were executed in connection with the investigation of this case;

3) the affidavits and warrants pursuant to which any phone lines were tapped during the investigation of this case;

4) copies of all communications between my client and his co-defendant Roberto Saenz in your possession, whether by WhatsApp; email; Skype; or any other form of communication, and all communications between Roberto Saenz and any customer of National Electronics, Inc., Ishan International, Inc., ISK Corporation, Taban Company, Solid Wireless,

SERCARZ & RIOPELLE, LLP

Inc. and Solid Electronics, Inc., in your possession, whether by WhatsApp; email; Skype; or any other form of communication;

       5) copies of the bank statements for the following businesses named in the indictment: National Electronics, Inc., Ishan International, Inc., ISK Corporation, Taban Company, Solid Wireless, Inc. and Solid Electronics, Inc. We request *all* bank statements for these companies in your possession, but in particular, we are seeking those statements that relate to the following months: February 2013; August 2016; September 2016; October 2016; November 2016; February 2017; March 2017; April 2017; February 2018; and March 2018.

       6) records in the possession of the government concerning and relating to the audits and/or reviews of any of my client's businesses by the Internal Revenue Service ("IRS"), the Department of Homeland Security ("DHS") and Customs and Border Protection ("CBP"), including but not limited to letters. reports or emails sent by the IRS, DHS and CBP to any of my client's businesses or their employees concerning audits and/or reviews performed by the IRS, DHS and CBP, and reports of audit and/or reviews furnished by the IRS, DHS or CBP to any of my client's businesses or their employees for the period from 2013 to 2018.

Your courtesy and anticipated cooperation in this matter is appreciated.

Very truly yours,

*[signature]*
Roland G. Riopelle

2

**SERCARZ & RIOPELLE, LLP**

810 SEVENTH AVENUE, SUITE 620
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234
www.sercarzandriopelle.com

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

*ADMITTED IN NY & NJ

May 6, 2019

**BY ECF AND EMAIL**

Burton Ryan, Esq.
Charles Kelly, Esq.
Assistant United States Attorneys
Eastern District of New York
100 Federal Plaza, Suite 610
Central Islip, New York 11722

Re: <u>United States v. Abdulrahman Khwaja, et al.,</u>
Cr. 18-607 (JSB)

Dear Mr. Ryan and Mr. Kelly:

    I am writing to let you know that my client has identified certain documents that were responsive to your search warrant, but which the agents who searched the premises of ISK Corporation and Solid Wireless in Miami apparently failed to seize.

    I have now examined the documents, and I believe: 1) the documents are exculpatory; and 2) there are other documents in the government's possession, which it did seize during the search of ISK and Solid Wireless, which are equally exculpatory. Therefore, I am writing this letter pursuant to the principles announced in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, to make a specific request for the production of evidence we now believe will tend to exculpate my client, Abdulrahman Khwaja and perhaps other defendants as well.

    I am also advising you that my client may offer the documents identified in this letter in evidence at a trial of this matter. If you would like a copy of these documents, or to examine the originals, please serve me with a subpoena for them, and I will provide you with bates numbered copies, and an opportunity to examine the originals.

    The documents consist of invoices of ISK Corporation dated from January 2, 2014 to November 4, 2016. Each invoice documents the customer to whom ISK sold cell phones; the freight forwarder (if any) to whom the cell phones were delivered in Miami, with bills of lading and in some cases other documents relating to the delivery of the phones in Miami; and all payments made by ISK's customers to it are noted on each invoice. Thus, the retention of these meticulous records concerning the business activities of ISK tends to disprove the assertion that ISK or its employees were engaged in any illegality in connection with the cell phone sales

SERCARZ & RIOPELLE, LLP

recorded in these invoices – no criminal would maintain, for a period of years, evidence of his own guilty conduct.

Furthermore, beginning in February 2015, ISK began insisting that any customer who paid it through a third party execute a statement identifying the third party and tying the payment to the specific invoice issued by ISK for which payment was being made. The creation and maintenance of these forms – *for years prior to my client's arrest* -- is inconsistent with the operation of ISK as a vehicle for money laundering of narcotics proceeds.

It is my understanding that thousands of pages of documents similar to those described in this letter were seized when the premises of Solid Wireless and ISK were searched in Miami in November. Every one of these documents is exculpatory for my client, as it tends to demonstrate he was not engaged in any criminal conduct in connection with business activity which he required to be documented so diligently and as to which records were maintained for so long. I therefore request that the government produce these documents to me promptly.

In addition, it has now been a month since we last appeared before Judge Azrack. During the last conference, you indicated that "eleven terabytes" of discovery would be produced to the defendants "by this weekend." Nothing has been produced by the government since our last conference. Please make every effort to produce promptly the items you are obligated to provide us pursuant to Federal Rule of Criminal Procedure 16. The sooner we have them, the sooner we can proceed.

Moreover, please be advised that we continue to press our prior Brady requests and our request for unredacted versions of the Affidavits you have previously provided. In particular, I note that item #6 of my specific Brady request on December 10, 2018 asked for copies of the files seized from the business premises at 500 Smith Street, Farmingdale, New York relating to DHS, CBP and IRS audits of compliance by ISK Corporation with IRS Form 8300 requirements and other regulations. This prior Brady request also sought the government's files concerning those audits. These files also tend to exculpate my client because they demonstrate that his businesses were compliant with the regulations enacted to prevent money laundering. Binders relating to these audits were seized at my client's place of business at 500 Smith Street, and the government must also have records concerning these audits. We ask that you produce them promptly, so that we can use them effectively.

Finally, nothing in this letter should be construed as a waiver of any previous discovery demands.

Very truly yours,

Roland G. Riopelle

Cc: Burton Ryan, Esq. and Charles Kelly, Esq. (By Email)

2