SHER TREMONTE LLP

June 17, 2019

**BY ECF**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
200 Federal Plaza
Central Islip, NY 11722

> Re:   *United States v. Khwaja, et al.*, 18 Crim. 607 (JMA)

Dear Judge Azrack:

We write jointly on behalf of our clients, Abdulrahman Khwaja and Shikeba Rhamatzada, in response to the government's letter regarding search protocols, filed on Friday, June 14, 2019 (the "Letter").  Contrary to Your Honor's clear and unequivocal order, stated orally at the June 13, 2019 conference and then posted the following day to ECF, Dkt. # 158, the government's Letter fails to identify the search protocol employed by the government to search the electronic devices seized from our clients and their businesses on November 15, 2018.  That is because, as the Letter states, the government *has no search protocol*, but plans to come up with one at some future, unspecified date.

Even more stunning, as the Letter makes plain, the government has *not conducted any search whatsoever* of the nearly 400 devices and documents it seized seven months ago.  Instead, after arresting our clients in their homes, raiding their office, and seizing reams of material and electronic devices, the government has apparently sat on its hands and done *nothing*.  In our collective decades of practice, including our time in government service, we have never before seen such a delinquent approach to prosecuting a case – all while insisting on onerous deprivations of our clients' liberty and while seizing and withholding from our clients their business records and inventory for the improper and vindictive purpose of crippling their ability to operate their legitimate business.

We therefore write not just to express our outrage, but also to request the following specific relief:  (1) order the government to comply with Your Honor's previous ruling to disclose the search protocols that it must use to review the devices it seized; (2) order the government to return the numerous items that it seized improperly and compel the government to clarify what property it intends to retain, providing a basis for the retention of each such item; and (3) set a prompt briefing schedule upon which we will move for suppression of evidence, among other things, after the production of discovery is complete.

Hon. Joan M. Azrack
June 17, 2019
Page 2 of 6

1. <u>The Government's Letter Flouts the Court's Order in Failing to Provide a Search Protocol</u>

As the Court knows, since this case was charged last November, we have made numerous discovery requests in an effort to determine the government's purported basis for charging our clients, despite their having no direct contact with alleged narcotics traffickers, and no involvement in any undercover cash drops, either alleged or actual. We made our first such requests on December 5, 2018 (A. Khwaja request - Dkt. # 50) and December 10, 2018 (Rhamatzada request – Dkt. # 54), and we have continuously requested discovery from the government since that time.  What we have received so far is wiretap recordings that show only the undisputed fact that our clients did indeed operate a cellphone import-export business, and dribs and drabs of other materials, none of which can fairly be viewed as inculpatory.  Finally, some five weeks after the court conference of April 3, 2019, at which the government stated it would turn over additional discovery in a matter of days, we received eight terabytes of images of the computers seized from 500 Smith Street, Farmingdale, New York, the location of National Electronics and its related businesses.  That production, too, failed to provide any notice at all as to the evidentiary basis for the government's case, as it was merely a copy of all of the data in the businesses' electronic records.  Accordingly, we filed separate letters on June 7, 2019 – a week before we appeared before Your Honor on June 13, 2019 – requesting that the government provide the search review protocol it used to search all electronic data seized, including the eight terabytes it had previously turned over.  Dkt. ## 152, 153.

At the conference on June 13, 2019, the Court ordered the government to provide its search protocol.  Counsel for Mr. Khwaja asked that the search protocol be disclosed that day, stating, "They can do that if they have it, right?"  Tr. of Conference, dated June 13, 2019, at 5:12.  Indeed, having demanded it a week prior to the conference, defense counsel were confident the government *must* have created a search protocol by June 13. In response to the defendants' requests, the Court ordered that the protocol be provided by the close of business the following day, June 14.  The government failed to truthfully disclose at the conference that, in fact, it had no search protocol and had conducted no search.  Rather, the AUSA misleadingly responded in answer to the Court's order, "Yes, Your Honor."  *Id.* at 4:18.  When subsequently asked whether the government would produce the results of the searches, *i.e.*, "whatever items are retrieved pursuant to the search protocol," *id.* at 5:17-18, within two weeks, the AUSA stated that "might be physically impossible given the volume of computers" and that "*certain of the computers*" were password-protected, and "they are still in the process of being copied in order to be reviewed."  *Id.* at 5:22-6:1 (emphasis added).  The AUSA did not tell the Court the truth, namely, that *none* of the computers had yet been reviewed and that no search protocol had yet been devised.  This revelation in the June 14 Letter makes clear that the government's statement in its June 12, 2019 letter to the Court that "the government's search of the eight terabytes of data is ongoing," Dkt. # 157, at 1, was, at best, a deliberate obfuscation.

Hon. Joan M. Azrack
June 17, 2019
Page 3 of 6

Finally, despite being given an extra day, the government *still* refused to provide any search protocol in its Letter of June 14. Instead, the bulk of the Letter complains about purported technical difficulties of searching images rather than the actual devices, for which the government, incredibly, appears to blame the defense. But nothing about such supposed technical difficulties prevented the government from developing a search protocol in advance of conducting the search. And rather than follow the Court's clear directive to provide such a protocol, the Letter instead states that the government plans to use a date range "within the chronological parameters of the search warrants" and then search that subset of data for all individuals and entities identified in the search warrants as well as "words relating to the crimes identified in the search, such as "cash, dinero, money." Letter at 2. This vague prognostication of how the government *might* eventually conduct a search in the future does not comply with the Court's order to provide the actual protocols, despite being given an extra twenty-four hours to develop one (beyond the prior seven months).[1]   And it is very clear at this point that the government will not be able to search the electronic devices in its possession and produce the items it has recovered from them within the time-frame set by the Court.

Accordingly, we respectfully request that the government be compelled to do as the Court directed it to do last week, namely, to provide the actual search review protocol it will in fact use to review the electronic data, so that the defendants can run their own searches and obtain some basic notice of what evidence the government intends to use to prove its case. The government has now had an additional four days to come up with the search protocol the defendants requested on June 7 and the Court ordered them to produce on June 13; consequently, we ask the Court to order its disclosure forthwith.

2.   The Government Should Be Ordered to Clarify which Items It Intends to Return, and Return Those Items It Has No Basis to Retain

In support of its excuse for failing to begin searching the documents and data it seized in November, the government attached to its Letter an exhibit, consisting of a spreadsheet of the items seized and "self-explanatory descriptions" of the status of those items, such as "Returned to Owner or Defendant," "Available for Pickup," and "Held as Evidence." Letter at 3. The spreadsheet, however, is inaccurate and creates more confusion than it resolves.

---

[1]      Not to mention the fact that simply searching for the names of each defendant within the date-specific subset will almost certainly yield irrelevant, personal material for which the government has no probable cause. *See United States v. Wey*, 256 F. Supp. 3d 355, 386 (S.D.N.Y. 2017) (noting the "circular structure" of including the name of the corporate entity and individuals who are the subject of the warrant and search as a limitation on the warrant's authority to seize, and holding that the "result of that circular structure is that the would-be constraint imposed by [the warrant] is no constraint at all").

Hon. Joan M. Azrack
June 17, 2019
Page 4 of 6

Perhaps the best example of the government's confusion relates to the inventory of National Electronics and Gotham Discounts, which the government seized in their entirety from the warehouse at 500 Smith Street on November 15, 2018.  Counsel for Mr. Khwaja has made repeated requests for the return of the inventory of National Electronics and Gotham Discounts, because that inventory loses value over time.  A copy of Counsel's initial letter of December 17, 2018, requesting return of the inventory, is attached as **Exhibit A**.  The government responded to that letter on December 27, 2018, stating that "the government no longer needs to hold these phones as evidence," but indicating that it would continue to hold the phones as possibly subject to forfeiture.  A copy of the government's December 27, 2018 letter is attached as **Exhibit B**.  Thereafter, the government served a CAFRA notice in connection with the inventory, a copy of which is attached as **Exhibit C**.  The defendant demanded that the government commence forfeiture proceedings against the inventory, as required by CAFRA, and a copy of that demand is attached at **Exhibit D**.

The government failed to take any action against the inventory, as it was required to do by CAFRA.  On June 7, Defendant Khwaja's counsel demanded that the inventory be returned, in accordance with the statute.  *See* 18 U.S.C. § 983(a)(3)(B).  Despite the clear mandate of the statute and the position it had previously taken, the government continued to insist on its right to hold onto the cell phones at the June 13 conference, stating that the cell phones were being retained by the government as "[e]vidence first and ultimately we intend to have them forfeited."  Tr. 13:3-4.

The Court ordered the government to make a submission setting forth the basis for retaining the cell phone inventory within a week.  *See id.* at 13:9-11.  However, that inventory is listed in the exhibit to the government's Letter as "*Available for Pickup*." *See* Letter, Exhibit A, at page 2 (emphasis added) (indicating that "bulk cell phones" and "samples of inventory" are "available for pick up").  We are left to wonder: has the government changed its position yet again, or is it simply unable to provide accurate information to the defendants and the Court regarding the property it seized?[2]

---

[2]     We note that with respect to the Taban Company Habib Bank account, the government made another inaccurate claim at the June 13 status conference when it asserted this bank account was "never seized," Tr. 8:10.  A copy of the CAFRA notice sent to the defendants advising them that the Habib Bank account had been seized, and the defendants' demand that the government file a complaint against the property are attached as **Exhibit E**.  When we provided the seizure notice attached as Exhibit E to the government, the government confessed that it had in fact seized the Taban Company's account, and had removed the funds from Habib Bank.  The government also stated that the funds had been placed into some sort of general account at Customs and Border Patrol where they were not immediately accessible.  It is our understanding that the government is now "searching" for the funds.  At this point, it is unclear when the government will be able to retrieve these funds and return them to the Defendants.  All

Hon. Joan M. Azrack
June 17, 2019
Page 5 of 6

Based on the foregoing, we ask the Court to order the government to review again the seized items, correct the erroneous spreadsheet it provided, actually return all items it claims to have returned, and otherwise provide an explanation for the items it declines to return so we can take such matters up with the Court.  We ask that the government be ordered to comply with this request by the end of the week.

3.   The Defendants Will Move for Suppression Based on the Government's Delinquent Conduct, among Other Grounds

As discussed above, while conspicuously avoiding saying so directly, the government's Letter makes clear that despite having vast troves of our clients' electronic data in its possession for seven months, it has not even begun to review that material. The government's conduct in this case bears striking resemblances that in *United States v. Metter*, 860 F. Supp. 2d. 205 (E.D.N.Y. 2012), and *United States v. Debbi*, 244 F. Supp. 2d 235 (S.D.N.Y. 2003).  Mr. Khwaja and Ms. Rhamatzada consequently plan to move for suppression based on those authorities, as well as for other reasons.

In *Metter*, as in this case, the government seized dozens of computers from a company under investigation.  860 F. Supp. 2d at 214.  Unlike in this case, it promptly imaged the computers and returned the originals to their owners.  *Id.*  However, the government then sat on its hands, retaining the data "with no plans whatsoever to *begin* review of that data to determine whether any irrelevant, personal information was improperly seized."  *Id.* at 215.  Chief Judge Irizarry ordered blanket suppression of the materials in light of the government's failure to conduct any search for a period of fifteen months.  *Id.* at 216.  In so doing, she relied on *Debbi*, in which Judge Rakoff ordered suppression of all documents seized from the defendant's home that were outside the scope of the warrant – and ordered a hearing on whether to grant blanket suppression – where the government had failed to begin searching boxes of items it had seized for approximately six months between the seizure and the initial suppression hearing.  244 F. Supp. 2d at 237-38.  The government ultimately consented to blanket suppression of all items seized from the defendant's home.  *See United States v. Debbi*, No. 02 CR. 808(JSR), 2003 WL 1922928, at *1 (S.D.N.Y. Mar. 31, 2003).[3]

---

we can say for certain is that the government did not provide the Court with accurate information about these funds at the June 13 Conference.

[3]      Similarly, in a recent case from this district, in which a motion to suppress is still *sub judice*, the defendant raised the fact that the government had retained electronic devices seized from his home for over a year.  *See* Mot. to Suppress at 31-33, *United States v. Messalas*, 17-CR-339 (RRM) (E.D.N.Y. Nov. 28, 2019), ECF No. 143.  Rather than defend its practice, the government returned all the electronic devices and disclaimed any intention to use evidence obtained from them in its case-in-chief.  *See* Response in Opp'n to Mot. to Suppress at 41, *United States v. Messalas*, 17-CR-339 (RRM) (E.D.N.Y. Jan. 12, 2019), ECF No. 148.

Hon. Joan M. Azrack
June 17, 2019
Page 6 of 6

        In light of the government's dereliction of its duty to investigate and prosecute this case, the undersigned will move on behalf of Mr. Khwaja and Ms. Rhamatzada to suppress all evidence seized in the searches of their homes and of the office at 500 Smith Street.  We anticipate raising other grounds to suppress besides the *Metter*/*Debbi* line of cases, including deficiencies in the warrants and the searches themselves.  In the interest of efficiency, we propose to raise these legal challenges in an omnibus motion that may address other issues in the case, such as the deficiency of the wiretap applications, duplicity of the indictment's conspiracy count, and severance.

        Because substantial time has already been lost, we respectfully request that the Court set the following briefing schedule:

- Order the government to substantially complete discovery on the eight-week timeline the Court previously set at the status conference, *i.e.*, by August 8, 2019.

- Defendants' omnibus motion to be filed September 9, 2019.

- Government response to be filed by October 9, 2019.

- Defendants' reply, if any, to be filed by October 23, 2019.

- Schedule oral argument and a hearing, if needed, on November 15, 2019.

        We appreciate the Court's consideration.

Respectfully submitted,

/s/_____
Michael Tremonte
Noam Biale
Sher Tremonte LLP

*Attorneys for Shikeba Rhamatzada*

/s/_____
Roland G. Riopelle
Sercarz & Riopelle, LLP

*Attorney for Abdulrahman Khwaja*

cc:    All counsel (by ECF)