# SHER TREMONTE LLP

June 27, 2019

**BY ECF**

The Honorable Joan M. Azrack
United States District Judge
Eastern District of New York
200 Federal Plaza
Central Islip, NY 11722

      Re:    *United States v. Khwaja, et al.*, **18 Crim. 607 (JMA)**

Dear Judge Azrack:

      We write on behalf of our clients, Abdulrahman Khwaja and Shikeba Rhamatzada, in reply to the government's letter, filed on Friday, June 21, 2019. Dkt. # 168. The government's letter responds to the Court's order that it justify (by June 20) its continued retention of certain inventory and electronic data, Dkt. # 158, and to our letter motion of June 17, 2019, Dkt. # 167, requesting disclosure of the government's search review protocol and a motions briefing schedule. While we do not intend to review all the claims in the government's unusual letter, several compel a brief response:

      *First*, as to the timing of when the government's search of our clients' electronic devices began, the government's prior letter of June 14, 2019, Dkt. #166, unmistakably indicates that no search had yet begun. Specifically, in that letter, the government stated:

> [T]he material needs to be placed in a searchable format and this frequently requires the creation of a virtual environment. That virtual environment requires software programs and licenses which often must be purchased. In some instances, authorization was obtained for the purchase of such software and licenses but there were budget allocation delays. Nevertheless, delivery of some such software programs to use in furthering the extraction of the relevant data are being received ***next week*** according to the supplier. ***After the use of those programs, the government will have a better idea of when a searchable database will be up and running for the government to search.***

*Id.* at 2 (emphasis added). Yet, in its more recent letter, the government states that "[t]he process of searching the seized electronic evidence started on the day of the execution of the search warrant." Dkt. # 168, at 3. The letter goes on to describe the *imaging* of the electronic devices, but not the actual search, yet again it states, "in seven months, the Government, has had many agents working on searching evidence in this case." *Id.* at 4. The government then explains that the June 14 letter was only describing the search of two servers. *Id.*

Hon. Joan M. Azrack
June 27, 2019
Page 2 of 3

The government has accordingly provided two contradictory versions of the facts, or, at a minimum, failed to clarify what it has searched and when. Consequently, the government has created a factual issue that the Court will need to resolve to rule on any motion. Because the Court cannot do so on the basis of unsworn letters, the Court should order a hearing at which the government can introduce evidence to substantiate the claims it makes in its most recent letter, or, at a minimum, require that the government provide evidentiary support for its claims in the form of a sworn declaration and supporting documentation establishing when the search commenced.

*Second*, with respect to the search review protocol that the Court ordered the government to disclose, the government's letter doubles down on the vague, supposed protocol it supplied in its June 14 letter. But what the government has provided is no search protocol at all. The purpose of a search protocol is to guide the government's search, so that it reflects the scope of the search permitted by the warrant and is not simply rummaging through reams of data in the hopes of chancing upon responsive material. And the reason to disclose it to the defense, especially in a case where the government has simply produced images of the data, is to give the defense some notice of what the government considers responsive. Simply asserting, as the government does, that it is searching for material responsive to the warrant does not serve either of these purposes and places no limitation on the kind of "general, exploratory rummaging" that the Fourth Amendment forbids. *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

In addition, if the protocol the letter describes is in fact what the government has used, we will move for suppression on the basis that it is certain to result in a search that is overbroad and lacks particularity. For example, the government states it has created a subset of the data based on the "chronological parameters of the search warrants." *Id.* at 5. But the warrants themselves contains *no* date limitation whatsoever. See Search Warrant, Attachment H, attached hereto as **Exhibit A**.[1] Further, if the government indeed has searched all of the electronic data, or even a subset, for each of our clients' names and the names of their companies, that is precisely the overbreadth problem that the court identified in *United States v. Wey*, 256 F. Supp. 3d 355, 386 (S.D.N.Y. 2017). The search terms the government proposes to use – "cash, dinero, money, invoices, statement," Dkt. # 168, at 5, are guaranteed to turn up as much non-responsive material as responsive material – as they would in the search of *any business*. Finally, the government expressly states that it may change the search protocol at any time. *See id.* Taking the government at its word, it is simply engaging in a fishing expedition, mining the seized electronic data in a manner unbounded by the purported probable cause articulated in the search warrant application. That is effectively the kind of general

---

[1] We note that despite indicating it would provide the defense with unredacted versions of the search warrant affidavits, and distributing a disc at the last court conference that supposedly provided that, the copies of the affidavits on the disc remain heavily redacted and the government has yet to provide unredacted copies of other, critical documents, such as the Title III wiretap application.

Hon. Joan M. Azrack
June 27, 2019
Page 3 of 3

warrant the Fourth Amendment was designed to prohibit. Accordingly, we respectfully request that the Court (1) direct the government to cease any search that it is currently conducting based on the supposed "protocol" provided in the letter; (2) order the government to produce any search logs or reports it has generated based on searches already conducted (and order a hearing in the event that additional fact-finding is needed to determine how the government has conducted its searches thus far); and (3) so-order our proposed briefing schedule so that we may move for suppression of any evidence already obtained based on this impermissible search protocol.

*Finally*, with respect to the government's statement that it will not delete or destroy images of those portions of the electronic devices it has deemed are "irrelevant," because doing so would destroy their evidentiary value, Dkt. # 168, at 2, the government seems to have misconstrued our request. Counsel for Ms. Rhamatzada has asked the government to delete or destroy any copy of electronic media that "has been returned as *outside the scope of the warrant*." Email from Noam Biale to Burton Ryan, dated May 28, 2019, attached hereto as **Exhibit B** (emphasis added). In the case of Ms. Rhamatzada, this includes, for example, an iPod belonging to her children and other electronic media seized from her home that was purely for personal use or related to other businesses having nothing to do with the case, such as Ms. Rhamatzada's husband's art gallery. *See* Letter dated Dec. 10, 2018 requesting return of property, attached hereto as **Exhibit C** (listing items seized in the search that are "plainly unrelated to the charted crimes"). The government has appropriately returned these devices and conceded they are outside the scope of the warrant. There is accordingly no basis – and certainly no evidentiary need – to retain images of these items. Therefore, pursuant to Rule 41(g), we respectfully request that the Court order the government to delete these images and any others that it has retained of electronic data outside the scope of the search warrant. *See United States v. Ganias*, 824 F.3d 199, 219 (2d Cir. 2016) (en banc).

    Respectfully submitted,

/s/                                    /s/
Michael Tremonte                       Roland G. Riopelle
Noam Biale                             Sercarz & Riopelle, LLP
Sher Tremonte LLP

*Attorneys for Shikeba Rhamatzada*     *Attorney for Abdulrahman Khwaja*


cc:     All counsel (by ECF)