# Exhibit A

ALB:BTR:CPK
F.# 2018R01075
OCDETF NY-NYE-841

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ENAYATULLAH KHWAJA,
      also known as "Nat,"
ABDULRAHMAN KHWAJA,
RANA RAHIMI,
SHIKEBA RHAMATZADA,
ROBERTO SAENZ,
MAYNOR MELENDEZ-MENDOZA
and NASEEM BOKHARI,
      also known as "Sammy,"

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**I N D I C T M E N T**

Cr. No **CR 18 607**

(T. 18, U.S.C., §§ 981(a)(1)(C),
982(a)(1), 982(b)(1), 1952(a)(1)(A),
1952(a)(3)(A), 1956(a)(1),
1956(a)(2), 1956(a)(3), 1956(h),
1957(b), 1960(a), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28,
U.S.C., § 2461(c); T. 31, U.S.C., §§
5317(c)(1)(A), 5317(c)(1)(B),
5424(a)(1), 5324(a)(3), 5324(b)(1),
5324(d)(1) and 5324(d)(2))

BIANCO, J.

BROWN, M. J.

THE GRAND JURY CHARGES:

INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendants and Their Companies</u>

    1.    The defendants ENAYATULLAH KHWAJA, also known as "Nat,"

ABDULRAHMAN KHWAJA, RANA RAHIMI, SHIKEBA RHAMATZADA, ROBERTO

SAENZ, MAYNOR MELENDEZ-MENDOZA and NASEEM BOKHARI, also known as

"Sammy," together with others, through a series of closely-held family-owned corporations,

used the actual and purported purchase and export of mobile phones to transfer monetary

proceeds from the illegal sale of narcotics and financial crimes in the United States to drug dealers and co-conspirators throughout South America and elsewhere.

2.    The defendant ENAYATULLAH KHWAJA, also known as "Nat" (hereinafter "E. KHWAJA"), was the owner and manager of Tronix Telecom Corp. ("Tronix"), an electronics and mobile phone import and export company, with an office and warehouse in Miami, Florida.  E. KHWAJA also managed Sysco International, LLC. ("Sysco"), an import and export company, which shared space with Tronix in Miami.  E. KHWAJA managed both companies from his home in Farmingdale, New York.  E. KHWAJA structured and instructed others how to structure cash deposits to hide the source of cash payments.

3.    The defendant ABDULRAHMAN KHWAJA (hereinafter "A. KHWAJA"), the cousin of E. KHWAJA, was a resident of Syosset, New York.   A. KHWAJA owned and managed companies involved in the purchase, import and export of electronics and mobile telephones, including:  National Electronics, Inc. ("National"), Ishan International, Inc. ("Ishan"), ISK Corporation ("ISK"), Taban Company ("Taban"), Solid Wireless, Inc. ("Solid Wireless") and Solid Electronics, Inc. ("Solid Electronics").   National, Ishan and Taban operated from an office and warehouse in Farmingdale.  ISK, Solid Wireless and Solid Electronics shared space in an office and warehouse in Miami.  A. KHWAJA used Ishan to import mobile telephones and electronics and National to supply mobile telephones for export and sale to his three Miami-based companies.

4.    The defendant RANA RAHIMI (hereinafter "RAHIMI"), the sister of E. KHWAJA and the cousin of A. KHWAJA, was a resident of Farmingdale.  RAHIMI was the bookkeeper for Tronix, Sysco and National.

5.    The defendant SHIKEBA RHAMATZADA (hereinafter "RHAMATZADA"), the sister of A. KHWAJA and the cousin of E. KHWAJA, was a resident of Farmingdale.   RHAMATZADA was President of Solid Wireless and ISK. RHAMATZADA worked in Farmingdale with her brother, A. KHWAJA, in managing National and other companies.

6.    The defendant ROBERTO SAENZ (hereinafter "SAENZ") was an employee and manager of ISK in Miami, who served as a go-between for ISK and its South American client base.  SAENZ accepted bulk cash deliveries and wire transfers from illegal drug sales and financial crimes as payments for cellular phones, which payments were used to hide the transfer of illegally obtained proceeds.

7.    The defendants MAYNOR MELENDEZ MENDOZA (hereinafter "MELENDEZ")  and  NASEEM BOKHARI (hereinafter "BOKHARI") were employees of Tronix in Miami, who accepted bulk cash deliveries from illegal drug sales and financial crimes as payments for cellular phones, and structured cash deposits to hide the source of illicit cash payments for export goods.

II.    Money Transmitting Business License Requirements

8.    A "money transmitting business" was defined in Title 31, United States Code, Section 5330(d)(1)(A) to include any business, other than the United States Postal Service, that (a) provided check cashing, currency exchange, money transmitting and remittance services, issued and redeemed money orders, travelers' checks and similar instruments and any other person who engaged as a business in the transmission of funds, including any person who engaged as a business in an informal money transfer system and any network of people who engaged as a business in facilitating the transfer of money

domestically and internationally outside of the conventional financial institutions system,

(b) that was required to file reports under Title 31, United States Code, Section 5313 and

(c) that was not a depository institution.

9.      Title 31, United States Code, Section 5330(a)(1) required that all

individuals involved in "money transmitting businesses" be registered with the Secretary of

the United States Department of the Treasury, an agency and department of the United

States, within 180 days of the date on which the business was established.

10.     Pursuant to New York State Banking Law Section 650(2)(a), the

operation of an unlicensed money transmitting business was punishable as a misdemeanor;

pursuant to New York State Banking Law Section 650(2)(b)(1), the operation of an

unlicensed money transmitting business was punishable as a felony if the business received

$10,000 or more for transmission in a single transaction, $25,000 or more for transmission in

a period of 30 days or less, or $250,000 for transmission in a period of a year of less.

11.     Under New York State and Federal law, the term "money transmitting"

included transferring funds on behalf of the public by any means, including transfers by wire,

check, facsimile and courier.

III.    Currency Reporting Requirements

12.     The United States currency reporting requirements for domestic

financial institutions provided as follows:

(a)     Pursuant to Title 31, United States Code, Section 5313 and Title

31, Code of Federal Regulations, Section 1010.311, domestic financial institutions were

required to file a Currency Transaction Report ("CTR") with the U.S. Department of

Treasury for each transaction of currency, such as a deposit, withdrawal, exchange of

currency and other payment and transfer by, through and to the financial institution involving more than $10,000.

(b)     Pursuant to Title 31, Code of Federal Regulations, Section 1010.313, multiple currency transactions were treated as a single transaction if the financial institution had knowledge that they were by or on behalf of any person and resulted in either cash in or cash out totaling more than $10,000 during any one business day.  Deposits made at night or over a weekend or holiday were treated as if received on the next business day following the deposit.

(c)     CTRs required disclosure of, among other things, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed.

(d)     CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, pursuant to Title 31, Code of Federal Regulations, Section 103.12.

(e)     Pursuant to Title 31, Code of Federal Regulations, Section 1010.100(xx), "structuring" financial transactions included the breaking down of amounts of currency into amounts of $10,000 or less prior to transacting business with domestic financial institutions, for the purpose of evading the currency reporting requirements.

(f)     Pursuant to Title 31, United States Code, Section 5331 and Title 31, Code of Regulations, Section 1010.331, anyone who acted as a money transmitting business and conducted any transaction of more than $10,000 in coin or currency was required to file a CTR.

13.     The United States currency reporting requirements for trades and businesses further provided as follows:

(a)     Pursuant to Title 31, United States Code, Section 5331 and Title 31, Code of Federal Regulations, Section 1010.330, trades and businesses that received more than $10,000 in coin or currency were required to file a Report of Cash Payments Over $10,000 Received in a Trade or Business ("IRS Form 8300") with the Department of the Treasury Financial Crimes Enforcement Network ("FinCEN").

(b)     Trades and businesses were required to file an IRS Form 8300 whenever more than $10,000 in coins or currency was received in one or multiple transactions totaling over $10,000 in a 12-month period.

(c)     IRS Forms 8300 required disclosure of the identity of the individual from whom the coins or currency was received, the identity of the person on whose behalf the transaction was conducted, a description of the transaction and the method of payment.

<u>COUNT ONE</u>
(Conspiracy to Launder Money)

14.     The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

15.     In or about and between October 2013 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENAYATULLAH KHWAJA, also known as "Nat," ABDULRAHMAN KHWAJA, RANA RAHIMI, SHIKEBA RHAMATZADA, ROBERTO

SAENZ, MAYNOR MELENDEZ-MENDOZA and NASEEM BOKHARI, also known as "Sammy," together with others, did knowingly and intentionally conspire to:

(a)     conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343; interstate and foreign travel and transportation in aid of a racketeering enterprise, in violation of Title 18, United States Code, Section 1952; unlicensed money transmitting, in violation of Title 18, United States Code, Section 1960; and illegal drug trafficking, in violation of Title 21, United States Code, Sections 841 and 960, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, (i) with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), and (ii) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activities, and to avoid one or more transaction reporting requirements under State and Federal law, contrary to Title 18, United States Code, Sections 1956(a)(1)(B)(i) and (a)(1)(B)(ii);

(b)     transport, transmit and transfer one or more monetary instruments and funds from one or more places in the United States to and through one or more places outside the United States and to one or more places in the United States from and through one or more places outside the United States, (i) with the intent to promote the carrying on of one or more specified unlawful activities, to wit: wire fraud, in violation of Title 18, United States Code, Section 1343; interstate and foreign travel and transportation in aid of a racketeering enterprise, in violation of Title 18, United States Code, Section 1952;

unlicensed money transmitting, in violation of Title 18, United States Code, Section 1960;

and illegal drug trafficking, in violation of Title 21, United States Code, Sections 841 and

960, contrary to Title 18, United States Code, Section 1956(a)(2)(A), and (ii) knowing that the

property involved in the transportation, transmission and transfer represented the proceeds of

some form of unlawful activity and that the transportation, transmission and transfer was

designed in whole and in part  to conceal and disguise the nature, location, source, ownership

and control of the proceeds of such specified unlawful activity, contrary to Title 18, United

States Code, Section 1956(a)(2)(B)(i);

    (c)  conduct financial transactions affecting interstate commerce,

which transactions involved property represented by a person at the direction of, and with the

approval of, a federal official authorized to investigate violations of Title 18, United States

Code, Section 1956, to be the proceeds of specified unlawful activity, specifically, illegal drug

trafficking, in violation of Title 21, United States Code, Sections 841 and 960, with the intent

to (i) promote the carrying on of specified unlawful activity, contrary to Title 18, United

States Code, Section 1956(a)(3)(A), (ii) conceal and disguise the nature, location, source,

ownership and control of property believed to be the proceeds of the specified unlawful

activity, contrary to Title 18, United States Code, Section 1956(a)(3)(B), and (iii) avoid one or

more transaction reporting requirements under State and Federal law, contrary to Title 18,

United States Code, Section 1956(a)(3)(C); and

    (d)  engage in monetary transactions in and affecting interstate and

foreign commerce, including deposits, withdrawals and transfers of funds and monetary

instruments, in criminally derived property that was of a value greater than $10,000 and that

was derived from one or more specified unlawful activities, to wit: wire fraud, in violation of

Title 18, United States Code, Section 1343; interstate and foreign travel and transportation in aid of a racketeering enterprise, in violation of Title 18, United States Code, Section 1952; unlicensed money transmitting, in violation of Title 18, United States Code, Section 1960; and illegal drug trafficking, in violation of Title 21, United States Code, Sections 841 and 960, contrary to Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h), 1956(a)(1), 1956(a)(2), 1956(a)(3), 1957(b) and 3551 et seq.)

## COUNT TWO
(Operation of Unlicensed Money Transmitting Business)

16.     The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

17.     In or about and between October 2013 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENAYATULLAH KHWAJA, also known as "Nat," MAYNOR MELENDEZ MENDOZA and NASEEM BOKHARI, also known as "Sammy," together with others, did knowingly and intentionally conduct, control, manage, supervise, direct and own all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce, and operated without an appropriate money transmitting license, contrary to New York Banking Law Sections 650(2)(a) and 650(2)(b)(1).

(Title 18, United States Code, Sections 1960(a), 2 and 3551 et seq.)

## COUNT THREE
(Causing the Failure to File Reports: CTRs)

18.     The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

19.     In or about and between October 2013 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENAYATULLAH KHWAJA, also known as "Nat," MAYNOR MELENDEZ MENDOZA and NASEEM BOKHARI, also known as "Sammy," together with others, did knowingly and willfully cause and attempt to cause one or more domestic financial institutions, to wit: Citibank, Wells Fargo, Bank of America, Ocean Bank, and Habib American Bank, to fail to file one or more CTRs, as required by Title 31, United States Code, Section 5313(a) and the regulations promulgated thereunder, Title 31, Code of Federal Regulations, Section 1010.310, and did so as part of a pattern of illegal activity involving more than $100,000 in a 12-month period.

(Title 31, United States Code, Sections 5324(a)(1), 5324(d)(1) and 5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
(Causing The Failure to File Reports: IRS Forms 8300)

20.     The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

21.     In or about and between October 2013 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENAYATULLAH KHWAJA, also known as "Nat," MAYNOR MELENDEZ MENDOZA and NASEEM BOKHARI, also known as "Sammy," together

11

with others, did knowingly and willfully cause and attempt to cause a nonfinancial trade and

business, to wit: Tronix Telecom Corp., to fail to file one or more IRS Forms 8300, as

required by Title 31, United States Code, Section 5331 and the regulations promulgated

thereunder, Title 31, Code of Federal Regulations, Section 1010.330, and did so as part of a

pattern of illegal activity involving more than $100,000 in a 12-month period.

(Title 31, United States Code, Sections 5324(b)(1), 5324(d)(1) and

5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FIVE
(Structuring Financial Transactions)

22.     The allegations contained in paragraphs one through 13 are realleged

and incorporated as if fully set forth in this paragraph.

23.     In or about and between October 2013 and the date of this Indictment,

both dates being approximate and inclusive, within the Eastern District of New York and

elsewhere, the defendants ENAYATULLAH KHWAJA, also known as "Nat,"

ABDULRAHMAN KHWAJA, RANA RAHIMI, SHIKEBA RHAMATZADA, MAYNOR

MELENDEZ-MENDOZA and NASEEM BOKHARI, also known as "Sammy," together

with others, for the purpose of evading the reporting requirements of Title 31, United States

Code, Section 5313(a), and the regulations prescribed thereunder, did knowingly and

intentionally structure and assist in structuring one or more transactions with one or more

domestic financial institutions, to wit: Citibank, Wells Fargo, Bank of America, Ocean Bank,

and Habib American Bank, as part of a pattern of illegal activity involving more than

$100,000 in a 12-month period, by breaking down amounts of currency deposited into amounts of $10,000 or less prior to such deposits.

(Title 31, United States Code, Sections 5324(a)(3), 5324(d)(1) and 5324(d)(2); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SIX
(Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises)

24.    The allegations contained in paragraphs one through 13 are realleged and incorporated as if fully set forth in this paragraph.

25.    In or about and between October 2013 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENAYATULLAH KHWAJA, also known as "Nat," ABDULRAHMAN KHWAJA, RANA RAHIMI, SHIKEBA RHAMATZADA, MAYNOR MELENDEZ, ROBERTO SAENZ and NASEEM BOKHARI, also known as "Sammy," together with others, did knowingly and intentionally travel in interstate and foreign commerce and use the mail and one or more facilities in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity, to wit: any acts involving failure to file currency transaction reports and money laundering which are indictable under subchapter II of chapter 53 of Title 31, United States Code, and Sections 1956 and 1957 of Title 18, United States Code, and thereafter did knowingly and intentionally perform and attempt to perform (a) one or more acts to distribute the proceeds of such unlawful activity,

and (b) one or more acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of such unlawful activity.

(Title 18 United States Code, Sections 1952(a)(1)(A), 1952(a)(3)(A), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

26.     The United States hereby gives notice to the defendants charged in Count One, that upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including, but not limited to:

(a)     any and all funds on deposit in Ocean Bank account number 1309173505 held in the name of ISK Corporation, and all proceeds traceable thereto;

(b)     any and all funds on deposit in Amerasia Bank account number 11162665 held in the name of ISK Corporation, and all proceeds traceable thereto;

(c)     any and all funds on deposit in Ocean Bank account number 1309578105 held in the name of Solid Wireless Inc., and all proceeds traceable thereto;

(d)     any and all funds on deposit in Amerasia Bank account number 11162657 held in the name of Solid Wireless (d/b/a ISK Corporation), and all proceeds traceable thereto;

(e)     any and all funds on deposit in Ocean Bank account number 1309170005 held in the name of Solid Electronics, and all proceeds traceable thereto;

(f)     any and all funds on deposit in Ocean Bank account number 2511965605 held in the name of Tronix Telecom, and all proceeds traceable thereto;

(g)     any and all funds on deposit in Habib American Bank account number 701224285 held in the name of Sysco International, and all proceeds traceable thereto;

(h)     any and all funds on deposit in Wells Fargo account number 9973654396 held in the name of Sysco International, and all proceeds traceable thereto;

(i)     any and all funds on deposit in Capital One Bank account number 7528232498 held in the name of National Electronics Inc., and all proceeds traceable thereto;

(j)     any and all funds on deposit in Devon Bank account number 0157998301 held in the name of National Electronics Inc., and all proceeds traceable thereto;

(k)     any and all funds on deposit in Habib American Bank account number 101214462 held in the name of National Electronics Inc., and all proceeds traceable thereto;

(l)     any and all funds on deposit in Capital One Bank account number 2914004250 held in the name of Ishan International Inc., and all proceeds traceable thereto;

(m)     any and all funds on deposit in Capital One Bank account number 2914004268 held in the name of Ishan International Inc. d/b/a Taban Company, and all proceeds traceable thereto;

(n)     any and all funds on deposit in Habib American Bank account number 701232250 held in the name of Ishan International Inc., and all proceeds traceable thereto;

(o)     any and all funds on deposit in Habib American Bank account number 701223362 held in the name of Zara International, and all proceeds traceable thereto;

(p)     any and all funds on deposit in Habib American Bank account number 701236817 held in the name of Abdulrahman S. Khwaja, and all proceeds traceable thereto;

(q)     any and all funds on deposit in Habib American Bank account number 701230044 held in the names of Sayed O. Khwaja, Hamida Khwaja, and Shikeba Rhamatzada, and all proceeds traceable thereto;

(r)     any and all funds on deposit in Habib American Bank account number 701230036 held in the names of Shikeba Rhamatzada and Fahim Rhamatzada, and all proceeds traceable thereto;

(s)     any and all funds on deposit in Habib American Bank account number 701222853 held in the names of Abdulrahman S. Khwaja and Zulfia Khwaja, and all proceeds traceable thereto;

(t)     any and all funds on deposit in Habib American Bank account number 701227558 held in the names of Enayatullah Khwaja and Malalai Jamal, and all proceeds traceable thereto;

(u)     any and all funds on deposit in New York Community Bank account number 53030038102 held in the name of Enayatullah Khwaja and Malalai Jamal, and all proceeds traceable thereto;

(v)     all right, title and interest in the real property and premises located at 500 Smith Street, Farmingdale, New York 11735, and all proceeds traceable thereto;

(w)     all right, title and interest in the real property and premises located at 239 Carnation Drive, Farmingdale, New York 11735, and all proceeds traceable thereto; and

(x)     all right, title and interest in the real property and premises located at 32 Princeton Drive, Syosset, New York 11791, and all proceeds traceable thereto.

27.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO
## COUNT TWO

28.     The United States hereby gives notice to the defendants charged in

Count Two that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 982(a)(1), which requires any person

convicted of such offense to forfeit any property, real or personal, involved in such offense,

or any property traceable to such property, including but not limited to:

(a)     any and all funds on deposit in Ocean Bank account number

2511965605 held in the name of Tronix Telecom, and all proceeds traceable thereto; and

(b)     all right, title and interest in the real property and premises

located at 239 Carnation Drive, Farmingdale, New York 11735, and all proceeds traceable

thereto.

29.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS THREE AND FOUR

30.     The United States hereby gives notice to the defendants charged in Counts Three and Four that, upon their conviction of either such offense, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1)(A), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to:

(a)     any and all funds on deposit in Ocean Bank account number 2511965605 held in the name of Tronix Telecom, and all proceeds traceable thereto; and

(b)     all right, title and interest in the real property and premises located at 239 Carnation Drive, Farmingdale, New York 11735, and all proceeds traceable thereto.

31.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Sections 5317(c)(1)(A) and 5317(c)(1)(B); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FIVE

32.      The United States hereby gives notice to the defendants charged in Count Five that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1)(A), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to:

(a)      any and all funds on deposit in Ocean Bank account number 2511965605 held in the name of Tronix Telecom, and all proceeds traceable thereto;

(b)      any and all funds on deposit in Capital One Bank account number 7528232498 held in the name of National Electronics Inc., and all proceeds traceable thereto; and

(c)      any and all funds on deposit in Habib American Bank account number 101214462 held in the name of National Electronics Inc., and all proceeds traceable thereto.

33.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Sections 5317(c)(1)(A) and 5317(c)(1)(B); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT SIX

34.    The United States hereby gives notice to the defendants charged in Count Six that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, including but not limited to:

(a)    any and all funds on deposit in Ocean Bank account number 2511965605 held in the name of Tronix Telecom, and all proceeds traceable thereto; and

(b)      any and all funds on deposit in Capital One Bank account

number 7528232498 held in the name of National Electronics Inc., and all proceeds traceable

thereto.

35.      If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____

FOREPERSON


_____

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. O.136

F. #2018R01075

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of*  NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ENAYATULLAH KHWAJA, also known as "Nat,"*
*ABDULRAHMAN KHWAJA, RANA RAHIMI, SHIKEBA RHAMATZADA,*
*ROBERTO SAENZ, MAYNOR MELENDEZ-MENDOZA*
*and NASEEM BOKHARI, also known as "Sammy,"*

Defendants.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1952(a)(1)(A),
1952(a)(3)(A), 1956(a)(1), 1956(a)(2), 1956(a)(3), 1956(h), 1957(b), 1960(a),
2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c); T. 31,
U.S.C., §§ 5317(c)(1)(A), 5317(c)(1)(B), 5424(a)(1), 5324(a)(3), 5324(b)(1),
5324(d)(1) and 5324(d)(2))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

_____

**Burton T. Ryan, Assistant U.S. Attorney (631) 715-7853**